DENISE LATINO *vs.* FORD MOTOR COMPANY.

Worcester. March 10, 1988. — August 17, 1988.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Motor Vehicle*, Defect, Warranty. *Warranty. Consumer Protection Act*, Arbitration, Demand letter.

An arbitrator's finding in a proceeding under G. L. c. 90, § 7N½ (the "Lemon Law"), that an automobile manufacturer must replace a defective vehicle or refund the purchase price served as the statutorily designated equivalent of a c. 93A demand letter, notifying the manufacturer of its violation of c. 90, § 7N½ (3), and demanding redress. [250]

An automobile manufacturer that was ordered to refund the purchase price of a defective vehicle following an arbitration proceeding under G. L. c. 90, § 7N½ (the "Lemon Law"), and that did not in a timely manner either abide by the arbitrator's decision or appeal to the Superior Court, was exposed to double or triple damages pursuant to the provisions of G. L. c. 90, § 7N½, and c. 93A, § 9, in a civil action brought by the aggrieved car owner. [250-251]

CIVIL ACTION commenced in the Superior Court Department on December 3, 1986.

The case was heard by *William C. O'Neil, Jr.*, J., on a motion to dismiss, and a question of law was reported by him to the Appeals Court. The Supreme Judicial Court transferred the case on its own initiative.

*Brian A. Davis* (*Thayer Fremont-Smith* with him) for the defendant.

*Paul G. Kolesnikovas* for the plaintiff.

O'CONNOR, J. This is an action under G. L. c. 90, § 7N½ (1986 ed.), known as the Lemon Law, and G. L. c. 93A, the Consumer Protection Act. The plaintiff seeks damages for the defendant's failure to comply with a State-certified arbitration award. The defendant moved to dismiss the action on the ground that the plaintiff had failed to send the defendant the written demand for relief which G. L. c. 93A, § 9 (3), ordinarily

requires. After denying the motion to dismiss, the judge reported to the Appeals Court the propriety of his ruling. Mass. R. Civ. P. 64, 365 Mass. 831 (1974). He framed the question this way: "Whether a consumer may bring an action under G. L. c. 93A, § 9 seeking double or triple damages for late payment of an arbitration award under G. L. c. 90, § 7N½ without first sending the manufacturer a written demand for relief reasonably describing the specific act or practice relied on and the injury suffered." We took the case on our own motion. We affirm the judge's order denying the motion to dismiss.

The complaint makes the following allegations. On or about March 21, 1985, the plaintiff and her husband purchased a 1985 Ford Tempo automobile. On February 11, 1986, after experiencing difficulties with the automobile, the plaintiff made a written demand on the defendant pursuant to G. L. c. 93A and G. L. c. 90, § 7N½. The defendant then exercised its final repair opportunity, G. L. c. 90, § 7N½ (4), but was unable to conform the vehicle. On August 21, 1986, the plaintiff obtained a State-certified arbitration award in the sum of $10,807.12 against the defendant. G. L. c. 90, § 7N½ (6). The defendant neither complied with the arbitration award nor appealed within twenty-one days as required by § 7N½ (6). The defendant first offered to pay the award on or about November 19, 1986. The plaintiff declined the offer. The complaint prays for treble damages of $32,421.36 plus interest or, in the alternative, double damages, and, in either event, costs and attorney's fees. Although the complaint does not specifically state that the plaintiff failed to make written demand on the defendant for relief after the arbitrator's award on August 21, 1986, that fact is fairly implied by the complaint, was assumed by the motion judge, and is assumed by the parties on appeal. We make the same assumption.

General Laws c. 90, § 7N½ (3), provides in material part that "[i]f the manufacturer, its agent or authorized dealer does not conform the motor vehicle . . . by curing any nonconformity after a reasonable number of attempts, the manufacturer shall accept return of the vehicle and refund the full contract price . . . or shall offer to replace the vehicle . . . ."

General Laws c. 90, § 7N½ (6), provides in material part as follows: "If a motor vehicle is found by state-certified, new car arbitration to have met the standards set forth by this section for vehicles required to be replaced or refunded, and if the manufacturer of said motor vehicle is found to have failed to provide said refund or replacement as required, such manufacturer shall, within twenty-one days from the issuance of such finding, deliver such refund or replacement, including the incidental and other costs set forth in subsection (3), or appeal the finding in superior court."

General Laws c. 90, § 7N½ (7), provides in relevant part: "Failure to comply with any of the provisions of this section shall constitute an unfair or deceptive act under the provisions of chapter ninety-three A. The failure of a manufacturer either to abide by the decision of a state-certified arbitration or to file a timely appeal shall entitle any prevailing consumer to an award of no less than two times the actual damages, unless said manufacturer can prove that such failure was beyond his control. For the purposes of said chapter ninety-three A, the timely delivery by a manufacturer of a refund or acceptable replacement, pursuant to a finding by state-certified arbitration, shall constitute the granting of relief upon demand."

General Laws c. 93A, § 9 (3) (1986 ed.), provides in part: "At least thirty days prior to the filing of any such action [an action authorized by section 9 (1)], a written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon and the injury suffered, shall be mailed or delivered to any prospective respondent. Any person receiving such a demand for relief who, within thirty days of the mailing or delivery of the demand for relief, makes a written tender of settlement which is rejected by the claimant may, in any subsequent action, file the written tender and an affidavit concerning its rejection and thereby limit any recovery to the relief tendered if the court finds that the relief tendered was reasonable in relation to the injury actually suffered by the petitioner. In all other cases, if the court finds for the petitioner, recovery shall be in the amount of actual damages or twenty-five dollars, whichever is greater; or up to three but

not less than two times such amount if the court finds that the use or employment of the act or practice was a willful or knowing violation of said section two or that the refusal to grant relief upon demand was made in bad faith with knowledge or reason to know that the act or practice complained of violated said section two. In addition, the court shall award such other equitable relief, including an injunction, as it deems to be necessary and proper."

We hold that no demand letter is necessary for a consumer to collect double or triple damages upon the manufacturer's failure to either timely abide by the arbitration order or file a timely appeal. Under G. L. c. 90, § 7N½ (3), the manufacturer must either refund the purchase price or replace a defective vehicle if it does not conform the vehicle after a reasonable number of attempts. Failure to comply with this provision is an unfair or deceptive act under c. 93A. G. L. c. 90, § 7N½ (7). A finding by an arbitrator that the purchase price must be refunded or the vehicle replaced serves as the statutorily designated equivalent of the c. 93A demand letter, notifying the manufacturer of its violation of c. 90, § 7N½ (3), and demanding redress. This is the clear implication of c. 90, § 7N½ (7), which states that "[f]or the purposes of said chapter ninety-three A, the timely delivery by a manufacturer of a refund or acceptable replacement, pursuant to a finding by state-certified arbitration, shall constitute the granting of relief upon demand." A manufacturer that neither timely appeals nor timely acts to replace the consumer's vehicle or to refund the purchase price has therefore refused to grant relief upon demand for its violation of c. 90, § 7N½ (3). Section 7 of the Lemon Law then adds that the failure of the manufacturer to either timely abide by the decision or to timely appeal presumptively constitutes a bad faith refusal to grant relief upon demand which entitles the consumer to no less than double damages under c. 93A, § 9, unless the manufacturer proves extenuating circumstances. The manufacturer in this case has therefore already received the statutorily designated equivalent of a G. L. c. 93A demand letter, and its failure to grant timely relief upon demand exposes

it to double or treble damages pursuant to c. 90, § 7N½ (7), and c. 93A, § 9. No separate demand letter is necessary.[1]

Accordingly, we answer "yes" to the reported question, and we affirm the judge's denial of the motion to dismiss.

*So ordered.*

---

[1] The fact that the failure, in a timely manner, either to appeal or to abide by the arbitrator's decision is itself an additional violation of c. 93A under c. 90, §§ 7N½ (6) and (7), obviously does not aid the manufacturer. The consumer is not seeking separate, actual damages for this additional violation of c. 93A.